**WO**                                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lopez Carrasco, | No. CV 07-185-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Victor Lopez Carrasco, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint[1] pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer Counts One and Two of the Complaint and will dismiss Count Three and Defendant Kunaseth without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $7.64. The remainder of the fee will be

---

[1] Many Maricopa County inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 collected monthly in payments of 20% of the previous month's income each time the amount 2 in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate 3 Order requiring the appropriate government agency to collect and forward the fees according 4 to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Complaint**

In his three-count Complaint, Plaintiff sues Defendants Joseph Arpaio and Andrew Kunaseth.  Plaintiff alleges that Defendant Arpaio enforces Maricopa County Sheriff's Office policies.  Plaintiff alleges that Defendant Kunaseth is a member of the Maricopa County Board of Supervisors.

In Count One, Plaintiff contends that his Eighth Amendment rights have been violated because he receives only two meals a day, which consist of rotten meat and are frequently inedible.  He asserts that this caused him to suffer from weight loss, food poisoning, and mental and physical anguish.

In Count Two, he alleges that his Eighth Amendment rights have been violated because of overpopulation at the jail, which caused him to have to sleep in the dayroom, where the floors were filthy and mouse-infected, and shower in front of female detention officers. He asserts that this caused him to suffer from a staph infection, foot rot, unsanitary living conditions, and mental and physical anguish.

In Count Three, he contends that his Eighth Amendment rights have been violated because the "medical attention was not proper."  In his Request for Relief, Plaintiff seeks financial compensation.

**TERMPSREF**

- 2 -

### IV. Dismissal of Defendant Kunaseth

Plaintiff has sued the Defendant Kunaseth, an individual member of the Maricopa County Board of Supervisors, in his official capacity for "continued violation of Hart vs. M.C.S.O. policy."

When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In this case, that entity is Maricopa County. The actions of individuals may support liability only if the employees were acting pursuant to an official policy or custom *of the municipality*. Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). Plaintiff must allege, as a matter of law, that the policy or custom *of the municipality* caused him to suffer constitutional injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.), cert. denied, 126 S. Ct. 2864 (2006).

Plaintiff has not alleged that a policy or custom of *Maricopa County* caused his constitutional injuries. In addition, in Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. Accordingly, Defendant Arpaio, not Defendant Kunaseth, is designated by statute to form policies for the Jail. Finally, the individual members of the Maricopa County Board of Supervisors "are entitled to absolute immunity from liability under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 49, 55-56 (1998) (applying legislative immunity where "[t]he ordinance reflected a discretionary, policymaking decision implicating budgetary priorities of the city and the services the city provides to its constituents").

Therefore, the Court will dismiss Defendant Kunaseth from this action.

### V. Failure to State a Claim - Count Three

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104

(1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096.

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment, or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under 42 U.S.C. § 1983. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

In Count Three, Plaintiff alleges that his Eighth Amendment rights were violated because the medical care was "not proper" and that "the neglect in healthcare alone is appalling." This does not state a claim of deliberate indifference. Therefore, the Court will dismiss Count Three for failure to state a claim.

**VI.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated claims in Counts One and Two, and the Court will require Defendant Arpaio to answer those Counts.

**VII.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.64.

(3)   Count Three and Defendant Kunaseth are **dismissed** without prejudice.

(4) Defendant Arpaio must answer Counts One and Two of the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 14th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge